**GREATER NEW YORK METROPOLITAN FOOD COUNCIL, Sloan's Supermarkets Inc., Plaintiffs–Appellants,**

**v.**

**Richard T. McGUIRE, As Commissioner of the New York State Department of Agriculture & Markets, Defendant–Appellee.**

**No. 248, Docket 93–7321.**

United States Court of Appeals, Second Circuit.

Argued Sept. 3, 1993.

Decided Sept. 27, 1993.

---

Carl J. Chiappa, New York City (Zvi N. Raskin, Townley & Updike, of counsel), for plaintiffs-appellants.

Diana Zalph, Asst. Atty. Gen. of the State of N.Y., New York City (Jane M. Azia, Asst. Atty. Gen., John W. Corwin, Asst. Atty. Gen. in Charge (Bureau of Consumer Frauds and Protection), Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for defendant-appellee.

Before: FEINBERG, CARDAMONE and ALTIMARI, Circuit Judges.

PER CURIAM:

A number of retailers in the metropolitan New York City area challenged in federal district court a state statute aimed at eliminating what the legislature viewed as price gouging on the retail sale of milk. Federal District Court Judge Michael B. Mukasey, before whom the case came, abstained from entertaining jurisdiction of it. That action prompted this appeal. Although we affirm substantially for the reasons stated by Judge Mukasey in his thorough opinions of March 8 and April 8, 1993, we think it appropriate to add the following discussion.

The Greater New York Metropolitan Food Council and Sloan's Supermarkets Inc. appeal (1) from Judge Mukasey's March 8, 1993 order of the Southern District of New York that granted the request of Richard T. McGuire, as Commissioner of the New York State Department of Agriculture & Markets, that he abstain from exercising federal jurisdiction under the doctrine enunciated in *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), *see* 815 F.Supp. 706 (S.D.N.Y.1993), and (2) from the district judge's April 8, 1993 order denying appellants' motion for reconsideration. *See id.* at 712.

A.

Appellants originally brought this suit seeking a declaratory judgment that the New York State Milk Pricing Law, Gen.Bus.Law § 396–rr (McKinney 1992), is so vague as to violate the Due Process Clause of the United

States Constitution. Under the language of the statute a retailer who sells milk at what may be deemed an "unconscionably excessive" price incurs the risk of investigation, prosecution, an injunction, and civil penalties. *See* § 396–rr(5). The Milk Pricing Law allegedly does not provide retailers—such as appellant Sloan's and other retail members of appellant Food Council—with an intelligible standard for determining the price at which they can sell milk without fear of prosecution.

The district court abstained from ruling on the constitutionality of the state statute after determining that the three conditions permitting abstention under *Pullman* had been met. These three conditions are: (1) the state law must be unclear, (2) resolution of the federal issue must depend on the interpretation of state law, and (3) the state law must be susceptible to an interpretation by a state court that would avoid or modify the federal constitutional issue. *See United Fence & Guard Rail Corp. v. Cuomo*, 878 F.2d 588, 594 (2d Cir.1989). Appellants implicitly concede that the first two prongs of the doctrine are present, but assert the district court should not have abstained because the third *Pullman* prerequisite was not met.

### B.

■ Federal district courts have an unflagging duty to adjudicate matters properly within their jurisdiction, and are not to decline jurisdiction simply because the issues presented may be decided in another forum. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976). The obligation to shoulder the jurisdictional burden is not one lightly to be renounced. A district court may abdicate its duty only in exceptional circumstances. A special circumstance, for example, exists where a state statute may be construed by a state court in a way that would escape a federal constitutional challenge. *Id.* at 814, 96 S.Ct. at 1245. Permitting review by the state courts first in a case of a doubtful state law avoids needless friction with the notions of comity and federalism that smooth the relationships between our parallel federal

and state court systems, as *Pullman* itself explains. *See* 312 U.S. at 500–01, 61 S.Ct. at 645–46.

■ Thus abstention in some circumstances may be appropriate in suits that challenge a state statute on vagueness grounds. *See, e.g., Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 307–08, 99 S.Ct. 2301, 2313–14, 60 L.Ed.2d 895 (1979); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 511–12, 92 S.Ct. 1749, 1757–58, 32 L.Ed.2d 257 (1972). This is especially so when the challenged state statute "is reasonably susceptible of constructions that might undercut or modify [the] vagueness attack." *See Babbitt*, 442 U.S. at 307, 99 S.Ct. at 2313. When the vagueness claim may be resolved by a state court choosing one among several alternative constructions it may give a state statute, the federal court should abstain to afford the state courts a reasonable opportunity to construe the statute. *Id.* at 308, 99 S.Ct. at 2314. Here the state statute has not yet been construed by the New York state courts, though an investigation preliminary to legal action under Gen.Bus.Law § 396–rr(5) has been launched by the State Attorney General. *See CECOS Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir.1990).

### C.

■ In this case appellants claim the milk pricing law is susceptible of no interpretation "that would avoid or modify" the issue of whether the state statute violates due process because of vagueness. We think, as did the district court, that the courts of New York could construe the unclear terms "unconscionably excessive" and "gross disparity" in such a manner as to avoid or modify the vagueness attack. Contrary to appellants' assertion, such a construction of the milk pricing law would not necessarily require a determination of the constitutional issue. Should the state court adopt a construction of the unclear terms that establishes precisely the conditions under which a merchant can be held in violation of the statute, the vagueness claim will be moot and federal constitutional litigation avoided. Consequently, it was not an abuse of discretion for the district

court to abstain from entertaining jurisdiction over this litigation.

Order affirmed.